IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

INSITE CORPORATION

Debtor

_____

INSITE CORPORATION

Plaintiff

v.

WALSH   CONSTRUCTION   COMPANY
PUERTO RICO

Defendant

CASE NO. 11-11209 (MCF)

CHAPTER 11

ADVERSARY CASE NO. 12-00281

**OPINION AND ORDER**

This court found that the Plaintiff, Insite Corporation, was unable to collect monies allegedly owed to it by the Defendant, Walsh Construction Company Puerto Rico, under their subcontract. An appellate process ensued that finalized in the United States Court of Appeals for the First Circuit. The First Circuit affirmed this court's ruling, but remanded the case to determine, if Insite may recover compensation for post-petition work as an equitable claim under Puerto Rico law. Insite Corp. v. Walsh Constr. Co. P.R. (In re Insite Corp.), 906 F.3d 139 (1st Cir. 2018). Insite amended its complaint and Walsh filed a motion to dismiss the amended complaint, asserting that Insite is not entitled to recover any funds under any of the alleged equitable grounds.  For the reasons stated below, we dismiss the amended complaint.

## I.     Jurisdiction

The court has jurisdiction over the subject matter and the parties, pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the general order of the United States District Court

for the District of Puerto Rico dated July 19, 1984, which refers title 11 proceedings to the Bankruptcy Court. This is a core proceeding, pursuant to 28 U.S.C. § 157(b).

## II.    Motion to Dismiss Under Rule 12(b)(6) Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A court may dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1992). When a motion is filed under this procedural rule, the facts alleged in the complaint are deemed admitted and the plaintiff's right to any relief based on those facts is challenged. Crow v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-movant. Estate of Soler v. Rodriguez, 63 F.3d 45,53 (1st Cir. 1995). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff will be able to offer evidence to support its claims. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000); Gorski v. New Hampshire Dept. of Correction, 290 F.3d 466, 473 (1st Cir. 2002). For a complaint to pass muster under Fed. R. Civ. P. 12(b)(6) scrutiny, it must "raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (citing Twombly, 550 U.S., at 555).

## III.    Legal Analysis

The First Circuit determined that although it agrees with the bankruptcy and district courts that Insite is not due funds under its subcontract with Walsh, the bankruptcy court must still consider whether Walsh was benefited by Insite's post-default performance in such a way that Insite has an equitable claim under Puerto Rico law. Insite, 906 F.3d at 141. The First Circuit remand was limited in scope and ordered this court to determine, under Puerto Rican equitable

doctrine, whether Walsh, as general contractor, benefited at the expense of Insite, its subcontractor.[1] Id.

Insite's amended complaint seeks turnover of property of the estate and equitable relief. The amended complaint contains four causes of action: 1) turnover of funds to the bankruptcy estate based on the subcontract; 2) unjust enrichment; 3) abuse of process; 4) contractual bad faith (Docket No. 204). A review of the amended complaint shows that Insite added new factual allegations on paragraphs 10, 14, 19, 20 and 22. From these amendments, Insite now alleges that during the time it performed under Walsh's construction subcontract, it was harassed;  its work was unfairly criticized with offensive language with the intent of driving Insite away from the construction project;  that it submitted three (3) certifications for payment in a total amount of $591,953;  and that it requested payment of the certifications by letter, which Walsh refused in writing. The amended complaint maintained previous allegations that were already adjudicated by this court and the appellate courts.[2]

The court observes that the First Circuit noted in its opinion that Insite "has not clearly distinguished between its contractual rights and any equitable or other bases for its claim." Insite, 906 F.3d at 148. The opinion also stated that "while Insite could have more clearly articulated the basis for its claim, we are reluctant to affirm summary judgment for Walsh without careful review of its entitlement to funds attributable to the work that Insite performed following its bankruptcy filing and that, if not belonging to Walsh, might be available to Insite's creditors." Id. Upon review of the amended complaint, we find that it forwards no equitable claim that would entitle Insite to receive payments from Walsh.

At the outset, the first and fourth causes of action must be discarded, because they rely on a contractual analysis and not on an equitable ground as mandated by the First Circuit. The first cause of action seeks payment of monies in the amount of $591,953, owed to Insite under the subcontract. (Docket No. 204, paragraph 32). Regarding this count, the First Circuit already

---

[1] For purposes of Fed. R. Civ. P. 12(b)(6), the case of Insite Corp. v. Walsh Constr. Co. P.R. (In re Insite Corp.), 906 F.3d 139 (1st Cir. 2018) is not considered as a matter outside of the pleadings and will be considered by this court as a matter of law. Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore, 721 F.3d 264, 281 (4th Cir. 2013) ("[f]or purposes of Rule 12(b)(6), the legislative history of an ordinance is not a matter beyond the pleadings but is an adjunct to the ordinance which may be considered by the court as a matter of law.").

[2] The allegations of Walsh seizing tools and materials belonging to Insite were left out of the amended complaint.

-3-

resolved that Insite is not entitled to recover these monies under the subcontract.  Id. at 141, 146 & 148. Furthermore, this cause of action does not forward any equitable claim to recover the funds.

In the fourth cause of action, Insite alleges that Walsh harassed it and that it breached its legal obligation to act in good faith. Insite specifically states in paragraph thirty-nine (39) of the amended complaint that "[u]nder the Puerto Rico equitable doctrine of good faith, Walsh has incurred in bad faith in the performance of the subcontract…" (Docket No. 204 at page 9). This allegation is out of the scope of the First Circuit's remand, given that we are limited to evaluating if Insite is afforded payment for the post-default performance under equitable principles of Puerto Rican law. Contractual bad faith is not the correct legal theory for analyzing the post-default performance of Insite. From our understanding of the First Circuit's opinion and order, it shows that Insite's arguments regarding entitlement to the funds premised on the subcontract were properly rejected under a summary judgment analysis. Insite, 906 F.3d at 148.

In its motion to dismiss, Walsh raises that if Insite's contention of bad faith is tort based, it is time barred to raise it at this moment. (Docket No. 205 at page 7). Insite contends that the bad faith tort action is not time barred because under Fed. R. Civ. P. 15(c)(1)(B) an amendment to a "pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out in the original complaint." (Docket No. 210 at page 14). Even if these allegations of harassment are tort-based, they are not covered under equitable principles.  Ortiz-Andujar v. Commonwealth, 22 P.R. Offic. Trans. 774, 783 (1988), 122 D.P.R. 817, 825 (1988)(distinguishing that equitable claims are different from an action regarding damages for unlawful acts). This court is of the opinion that this new allegation is contractual bad faith and not tort based; but, either way, it is not an equitable remedy. As such, there is no need to determine whether it is time barred.  At this juncture of the adversary proceeding, contractual claims have been adjudicated, and we are only considering equitable claims, if any, which would entitle Insite to recover funds from Walsh.

Insite's reliance on an equitable doctrine of good faith is unsupported under Puerto Rico law because there is no equitable "doctrine of good faith."  A review of Puerto Rico Supreme Court case law shows that an equitable doctrine of good faith has been not been applied to solve a conflict for which lawmakers have provided no legal remedy.  Rather, our research reveals that the only equitable doctrine that incorporates "good faith" is the equitable remedy of estoppel. Cerveceria

Corona v. Commonwealth, 15 P.R. Offic. Trans. 455, 463 (1984), 115 DPR 345, 351 (1984). Basically, the doctrine of estoppel "orders that one should act in good faith in the juridical life" and "contradictory behavior has no place in the field of law and should be prevented." Id. In other words, the doctrine of estoppel may be applied to resolve a dispute if one party relies in good faith on a second party's actions and is subsequently defrauded. Int. General Electric v. Concrete Builders, 4 P.R. Offic. Trans. 1221, 1231 (1976), 104 D.P.R. 871, 878 (1976).

We examined the amended complaint to see if the doctrine of estoppel might apply to Insite's averments.  Allegedly, Insite's work was harassed and interfered with by supervisors working for Walsh with the purpose of driving Insite away from the project; Walsh increased its pattern of harassment after the filing of the bankruptcy petition; and declared various unjustified defaults of Insite under the subcontract. (Docket No. 204, paragraphs 10, 12, 41 & 42). The facts alleged in paragraphs 10 and 12 of the amended complaint and discussed in paragraphs 41 and 42, simply do not fall within the scope of estoppel. No allegation is made as to how Walsh created a situation that Insite relied on and as such, continued performing its work. In fact, quite to the contrary, the amended complaint specifically alleges that Walsh declared Insite in default for the arrearages in the payments to subcontractors and suppliers, as well as Walsh's intents to terminate the contractual relationship. (Docket No. 204, paragraphs 12, 13, 21 & 22).    In addition, the defaults declared by Walsh were justified due to Insite's undisputed breach of contract.  Walsh, by its actions, did not "trick" Insite into continuing to work on the project; rather sought to terminate the contract as a result of default.  Furthermore, there are no allegations of fraud made by Insite. Insite attempts to surpass the limits of the remand by modifying its contractual claims when the contractual claims were already evaluated under the scrutiny of a summary judgment standard. The First Circuit did not grant Insite a second chance to relitigate its contractual claims. We dismiss the fourth cause of action because it exceeds the limit specified by the First Circuit and fails to state a claim upon which equitable relief can be granted.

The second cause of action of unjust enrichment seems more appropriate under the limited scope of the First Circuit's remand, given that we are to evaluate if Insite should be awarded funds

for its post-petition performance under equitable considerations.[3] In Puerto Rico, unjust enrichment is an equitable remedy that is contained the Puerto Rico Civil Code.[4] To prevail on an allegation of unjust enrichment the movant must establish: "1) occurrence of an enrichment; 2) a correlative impoverishment; 3) nexus between the impoverishment and the enrichment; 4) absence of cause to justify the enrichment; and 5) lack of a legal provision which precludes application of an enrichment without cause." Ortiz-Andujar v. Commonwealth, 22 P.R. Offic. Trans. 774, 780 (1988), 122 D.P.R. 817, 823 (1988). The doctrine of unjust enrichment cannot be invoked: 1) by a bad faith plaintiff; or 2) when the doctrine clashes with a clear public policy embodied in the Constitution or a statute. Id. at 781.

"The enrichment claim is always brought against the person who enriches himself without cause." Id. at 783. The unjust enrichment action must establish a correlation between the patrimony of the person who is enriched and of the person who is impoverished. Id. at 783. When the action concerns unjust enrichment, the extent of the restitution is determined by the amount of enrichment. Id. "Enrichment may occur either by an increase in the patrimony or a nonloss in the patrimony" and it can only result from a shift of values from one patrimony to the other. Id. The Supreme Court of Puerto Rico determined that unjust enrichment does not apply in cases where there is a contract between the parties. See Jose Garriga, Hijo, Inc. v. Condominio Marbella del Caribe Oeste y Otros, 143 D.P.R. 927, 934 (1997) (explaining that because a contract existed between the parties, the unjust enrichment doctrine was not applicable).

Insite will be unable to prevail in an unjust enrichment action because there is a contract between it and Walsh, which is a legal provision that excludes the application of the equitable

---

[3] The First Circuit questioned "whether Insite may have an equitable claim against Walsh in the unusual circumstances of this case. See Restatement (Second) of Contracts § 240 (noting that, in some cases, a party's material breach may nonetheless leave open the possibility of 'restitution in accordance with the policy favoring avoidance of unjust enrichment' (citing §§ 370-77)); see also U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 49-50 (1st Cir. 2002) (noting that, under Massachusetts law, a subcontractor 'who in good faith substantially performs a contract may recover in quantum meruit' (quoting J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 494 N.E. 2d 374, 378 (Mass. 1986))." Insite 906 F.3d at 149-150.

[4] The unjust enrichment doctrine was contained in Article 7 of the Puerto Rico Civil Code of 1930 at the time this case was filed. 31 L.P.R.A. § 7 (repealed). The doctrine is currently found in Articles 2, 5 and 6 of the Puerto Rico Civil Code of 2020 and it remains unaltered.

-6-

remedy.[5] A review of case law interpreting the unjust enrichment doctrine shows that this remedy is rarely granted to those who seek it.

A leading case on unjust enrichment doctrine is Jose Garriga, Hijo, Inc. v. Condominio Marbella del Caribe Oeste y Otros, 143 D.P.R. 927 (1997). In this case, a condominium suffered damages from Hurricane Hugo and the condominium's board of directors sought repair estimates as part of its insurance claim process. Jose Garriga, Hijo, Inc. (hereinafter "the Repair Company") was contacted for a quotation for roof and basement extractors. The Repair Company gave the condominium a cost estimate for the purchase and installation of the extractors, and the condominium submitted the quotation to the insurance company, which approved a lesser amount of money for all the repairs the structure needed. In light of this situation, the condominium opted to desist from fixing the rooftop extractors and instructed the building administrator to sign an agreement with the Repair Company, only to the effects of repairing the basement extractors, which were necessary for extracting the carbon monoxide gases released by vehicles in the parking area. During the repairments, the Repair Company attempted to install the rooftop extractors and the building administrator stopped them from doing so, given that they had agreed not to repair the rooftop equipment. However, time passed, and the building administrator retired and a new building administrator, who had no knowledge of the situation, was hired. It was at this time that the Repair Company showed up to the condominium again to install the rooftop extractors and was allowed entrance by the new building administrator. Upon installing the new equipment, the Repair Company demanded payment, but the condominium refused to pay and required the removal of the equipment. The Repair Company sued and invoked the doctrine of unjust enrichment, alleging that the contractual relationship with the condominium only limited itself to the basement extractors. The trial court dismissed the case, but the appeals court overruled and reasoned that the condominium benefitted from the newly installed equipment. On review the Puerto Rico Supreme Court, determined that the unjust enrichment doctrine did not apply because even though the Repair Company suffered a form of decrease in patrimony, there was a contract between the parties and the equipment was installed in bad faith because it was outside of the scope

---

[5] The Supreme Court of Puerto Rico has expressed that a contract is a legal provision that excludes the application of the unjust enrichment doctrine. See Ortiz-Andujar v. Commonwealth, 22 P.R. Offic. Trans. 774, 780 (1988), 122 D.P.R. 817, 833-834 (1988); Jose Garriga, Hijo, Inc. v. Condominio Marbella del Caribe Oeste y Otros, 143 D.P.R. 927, 933-934 (1997).

of the contractual relationship between the parties. Jose Garriga, Hijo, Inc., 143 D.P.R. at 933-934.

In Hatton v. Municipality of Ponce, 134 D.P.R. 1001 (1994), 1994 WL 909605 (P.R.), 1994 P.R.-Eng. 909, 605, the Puerto Rico Supreme Court did not apply the unjust enrichment doctrine to a medical supply company that sought to deliver products and collect payment from a municipality, because the sales agreement between the parties was made in open violation of public policy rules concerning government contracts. The municipality and the medical supply company entered into an agreement using an emergency procedure to bypass bidding requirement statutes in contravention of applicable law and as such the agreement was considered null and void. Hatton, 134 D.P.R. at 1007 (1994). There being no contract between the parties due to the nullity of the sales agreement, the Puerto Rico Supreme Court held that this equitable remedy does not apply to situations that are in obvious violation of a clear principle of public policy. Id. at 1010.

In Westernbank P.R. v. Kachkar, 2009 U.S. Dist. LEXIS 126405 (D.P.R. 2009), the defendant alleged that the plaintiff was unjustly enriched by the additional collateral that they pledged as part of an agreement. The district court precluded the application of unjust enrichment because contracts for the collateral existed between the parties, detailing the terms of the transfers of collateral, which were made in return for the plaintiff's temporary forbearance. Also, several statutes were pertinent to the case at issue making the doctrine of unjust enrichment inapplicable.

Based on our research, the one case where the Puerto Rico Supreme Court granted the remedy of unjust enrichment, due to the extraordinary circumstances of the case, is Ortiz-Andujar v. Commonwealth, 22 P.R. Offic. Trans. 774 (1988), 122 D.P.R. 817 (1988). In Ortiz, the Puerto Rico Supreme Court afforded the unjust enrichment remedy to an off-duty police officer that used his private vehicle to pursue robbery suspects and in doing so his vehicle suffered severe damages. The police officer sued the Commonwealth of Puerto Rico for his loss and on appeal the Puerto Rico Supreme Court reasoned that "even though the nature of his work involves a permanent risk, the contract he entered into with the State did not demand that he put his private property in jeopardy…Absent the unjust enrichment doctrine, there was no guarantee of compensation, when, as in the present case, a person suffers a patrimonial damage resulting from exemplary discharge of his duties." Id. at 788. In these extraordinary circumstances, the off-duty police officer was awarded compensation under the equitable ground of unjust enrichment.

Because the work performed by Insite was clearly within the realm of a contract which governs the situation at hand, the doctrine of unjust enrichment does not apply to our set of facts. As such, the court dismisses the second cause of action for failure to state of cause of action of unjust enrichment under the laws of Puerto Rico.

In the third count, Insite alleges abuse of process as an equitable claim. Basically, Insite alleges that Walsh incurred in abuse of law and process by wrongfully withholding monies owed to it for work performed under the subcontract and depriving it of the amount of $591,953, which it had rightfully earned under the subcontract. (Docket No. 204, paragraph 38). The First Circuit held that Insite had no right under the subcontract to any of the withheld funds due to Insite's default with the subcontract. Insite, 906 F.3d at 141. Because Insite had no right to collect the withheld funds under the subcontract, it cannot argue that there was abuse of process. Abuse of process in Puerto Rico is known in Spanish as "abuso del derecho" and "abuso ilegal o indebido de un proceso judicial." Nogueras-Cartagena v. United States, 172 F. Supp. 2d 296, 316 (D.P.R. 2001). Under this doctrine, "a party can only prevail if he proves the two elements of an abuse of process claim; an ulterior motive and an act of abuse." Id. (citing Simon v. Navon, 71 F.3d 9, 16 (1st Cir. 1995)). Given that Walsh was in its right to withhold payments to Insite, the court dismisses the amended complaint's third cause of action.

Walsh's motion to dismiss is granted and the adversary proceeding is dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of August, 2021.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-9-